UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMRAH SUMER,<br><br>   Plaintiff,<br><br>   v.<br><br>CARRIER CORPORATION,<br><br>   Defendant. | Case No.  14-cv-04271-VC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

**1.** Sumer's claim for breach of express warranty fails because the allegations in the First Amended Complaint ("FAC") show that Carrier more than fulfilled its obligations under the warranty. Carrier's evaporator coils were covered by a five-year warranty which provided that if a coil failed within five years from the date of original installation, Carrier would provide a new or remanufactured part to replace the failed defective part. The warranty stated that it did not cover any labor costs for diagnosis, repair, or replacement.[1] Sumer purchased an air-conditioning unit in January 2009. A few months later, the unit stopped blowing cold air. The seller, Atlas Heating and Air Conditioning, identified a leak in the evaporator coil and replaced the coil with another copper coil at no cost to Sumer. FAC ¶¶ 59–60. After the coil was replaced, the unit functioned normally until April 2014. Atlas again identified a leaking coil. Sumer contacted Carrier, and even though more than five years had passed since the original installation of Sumer's air-conditioning unit, Carrier provided a new aluminum coil at no charge.

Sumer argues that Carrier's limited warranty is unenforceable because the warranty: (i) fails its essential purpose; and (ii) is unconscionable. "The California Commercial Code provides that if a limited warranty 'fails of its essential purpose,' the buyer is entitled to the full range of

---

[1] The court grants Carrier's request for judicial notice of the warranty. *See Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1103 (N.D. Cal. 2007).

UCC remedies." *Philippine Nat. Oil Co. v. Garrett Corp.*, 724 F.2d 803, 807 (9th Cir. 1984) (quoting Cal. Com. Code § 2719(2)). But under California law, "a repair or replace remedy fails of its essential purpose only if repeated repair attempts are unsuccessful within a reasonable time." *Id.* at 808 (emphasis omitted). Here, when the coil failed during the warranty period, Carrier replaced the coil at no charge to Sumer. This replacement coil functioned for nearly five years. And the limited warranty is not unconscionable; its terms are not so harsh as to "shock the conscience." *See Aron v. U-Haul Co. of Cal.*, 49 Cal. Rptr. 3d 555, 564 (Ct. App. 2006).

**2.** Sumer's claim for breach of implied warranty is time barred. This claim is subject to a four-year statute of limitations. Even if Carrier's limited warranty "extends to future performance of the goods," meaning that Sumer's "cause of action accrue[d] when the breach [wa]s or should have been discovered," Cal. Com. Code § 2725(2), the only possible point when Sumer's cause of action could have accrued was the failure of the first coil in early 2009. Moreover, as with Sumer's express warranty claims, the implied warranty claim fails on the merits because when the first coil failed during the one-year implied warranty period, Carrier replaced the leaking coil at no cost to Sumer.

Sumer's claims for breach of express and implied warranty are dismissed with prejudice, because the allegations in the FAC show that these claims do not exist. And because Sumer's claim for breach of the implied covenant of good faith and fair dealing is based on the allegation that Carrier breached its express warranty, *see* Docket No. 23, p.14, this claim is also dismissed with prejudice.

**3.** Sumer's fraud-based claims under California's Consumer Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), and False Advertising Law ("FAL") fail to state a claim for affirmative misrepresentation. *See Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1132 (N.D. Cal. 2013), (analyzing a plaintiff's fraud-based CLRA, FAL, and UCL claims together). Carrier's general statements about the reliability and quality of its evaporator coils are non-actionable puffery. *See Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1137 (N.D. Cal. 2010) (dismissing UCL and CLRA claims because the defendant's representations that the product in question was "designed, manufactured and tested for years of dependable operations" were "mere

puffery" and therefore "as a matter of law could not deceive a reasonable consumer"). And to the extent Sumer alleges a claim for fraud based on Carrier's affirmative representations in the various brochures attached as exhibits to the FAC, this claim fails to satisfy Rule 9b's particularity requirement.

Sumer also alleges that Carrier fraudulently failed to disclose the likelihood of coil leaks due to formicary corrosion. To state a claim for fraud by omission, a plaintiff must allege a duty to disclose the omitted facts. *See Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1043 (N.D. Cal. 2014). Though it is not entirely clear from the FAC, Sumer appears to allege that Carrier owed a duty to disclose the risk of formicary corrosion in copper coils because Carrier made "partial representations but also suppresse[d] some material facts" about its evaporator coils. *See LiMandri v. Judkins*, 60 Cal. Rptr. 2d 539, 543 (1997). But this allegation is belied by a Carrier brochure that Sumer attached as an exhibit to the FAC.[2] In the context of offering to prospective buyers corrosion-resistant tin-plated copper evaporator coils (as a premium option), the brochure stated:

> [O]ne issue that has become an across-the-board concern for all is indoor coil failures due to corrosion. While the overall incidence of corrosion-based indoor coil failures is low nationwide, it has become a bigger concern in some geographic areas. And if your home is in one of those affected areas, it's certainly a major concern for you. After extensive field and laboratory testing and research, Carrier has identified the problem and was the first to offer a solution – ArmorCoat™ tin plating.
>
> **Why is Coil Corrosion a Bigger Issue Now?**
>
> Coil corrosion seems to be more prevalent in high humidity regions. However, our research revealed that indoor environments are a much bigger factor than geographical or climate-based issues. Pollutants in the home are a primary contributor to coil corrosion and subsequent failure. Because today's homes are better sealed and insulated to conserve energy, they are also better at trapping these corrosive agents.

FAC, Ex. C (bolded text in original).

---

[2] Though it is not immediately apparent from the FAC that Sumer saw this brochure before or during his initial purchase, the FAC describes Carrier's representations in the brochure, FAC ¶ 44, then alleges that Sumer relied on Carrier's "above-described" "material misrepresentations and omissions." FAC ¶¶ 104–06.

3

Given this disclosure, the allegations in the FAC do not state a plausible claim that Carrier failed to disclose concerns about formicary corrosion. Nor does the FAC plausibly allege that Carrier was aware of material facts about the dangers of formicary corrosion beyond those disclosed in the brochure. Sumer alleges that the ArmorCoat brochure failed to reveal "the high incidence of formicary corrosion in copper coils." FAC ¶ 44. But the FAC provides no facts suggesting that Carrier was aware that coil corrosion was a more serious problem than it disclosed in the brochure. Indeed, to the extent that the FAC alleges that Carrier was aware of a significant risk of premature failure of copper coils as a result of formicary corrosion, the disclosure in the ArmorCoat brochure appears to correspond almost entirely with the FAC's allegations about Carrier's knowledge of that risk. *See* FAC ¶ 45 & Exs. A, C. Accordingly, the complaint fails to state a claim for fraud by omission under the CLRA, UCL, or FAL.

At the hearing on the motion to dismiss, Sumer's counsel represented that, if given leave to amend the complaint, Sumer could allege additional facts showing that Carrier was aware that the susceptibility of copper coils to formicary corrosion was a more significant problem than Carrier disclosed in its ArmorCoat brochure, and thus that the brochure was insufficient to satisfy Carrier's duty to disclose. For this reason, the dismissal of Sumer's statutory fraud claims is without prejudice. It bears noting, however, that Sumer will not be permitted to move forward on a claim that contains allegations contrary to those found in the complaints he has already filed. Should Sumer wish to file an amended complaint, he must do so within 21 days of this order or the dismissal will be with prejudice.

**4.** Sumer's common law fraud claim fails for the same reasons as his statutory fraud claims, *see Elias*, 950 F. Supp. 2d at 1131–35, and is likewise dismissed without prejudice.

**5.** Sumer's claim for declaratory relief is intertwined with the merits of his substantive claims and is dismissed for the reasons stated above. Similarly, Sumer's claim for "unjust enrichment" is not a stand-alone cause of action, and is dismissed because Sumer fails to state a predicate claim warranting such relief. *See Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 932–33 (N.D. Cal. 2012) ("Under California law, restitution and unjust enrichment are generally thought

4

1   of not as causes of action, but 'general principle[s] underlying various legal doctrines and
2   remedies.'" (quoting *McBride v. Boughton*, 20 Cal. Rptr. 3d 115, 121 (Ct. App. 2004)).

**IT IS SO ORDERED**.

Dated:  February 20, 2015



VINCE CHHABRIA
United States District Judge

United States District Court
Northern District of California

5